IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

STATE FARM MUTUAL AUTOMOBILE
INSURANCE COMPANY,

        Plaintiff,

vs.                                                                                                               No. CIV 98-1406 MV/DS

BEVERLY HENDERSON
and PETER JAMES,

        Defendants.

## **MEMORANDUM OPINION AND ORDER**

**THIS MATTER** is before the Court upon Non-Party Spragg's Motion to Set Aside Default Judgments and Request for Show Cause Hearing, filed May 27, 1999 **[Doc. No. 17**.] The Court, having considered the motion, response, relevant law, and being otherwise fully informed, finds that the motion is not well taken and will be **DENIED**.

### **BACKGROUND**

On September 5, 1998, Peter James drove a vehicle which rear-ended another vehicle accommodating Jeffery, husband; Carla, wife; and Michelle Spragg, daughter. Both husband and wife died at the scene, leaving their infant daughter Michelle an orphan. The vehicle driven by James was owned by Beverly Henderson, who had recently entered a conditional sale agreement with Sharon Obedi, the previous owner. At the time of that exchange, the car was insured under

policy number D-200-465-14 by Plaintiff State Farm to Obedi. As a result, State Farm brought this action seeking a declaratory judgment that Henderson and James did not qualify as insureds under State Farm's policy. After Henderson and James failed to answer, this Court entered default judgments in favor of State Farm.

The Spragg family represents the interests of the deceased and the surviving daughter, Michelle. The family requests the default judgments against Henderson and James issued on December 30, 1998, be set aside. The family additionally requests that the Court grant a Show Cause hearing or a finding that the default judgments have no effect on the family's claims against Plaintiff.

## STANDARD OF REVIEW

Under Federal Rule of Civil Procedure 60(b),

> a court may relieve a party or a party's legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, surprise, or excusable neglect; (2) newly discovered evidence; (3) fraud; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged, or a prior judgment has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (6) any other reason justifying relief from the operation of the judgment. The motion shall be made within a reasonable time, and for reasons (1), (2), or (3) not more than one year after the judgment, order, or proceeding was entered or taken.

Fed. R. Civ. P. 60(b). District Courts have wide latitude in denying motions under Rule 60(b). Rule 60(b) provides only that a Court may relieve a party from a final judgment. The decision as to whether relief should be granted is committed to the sound discretion of the Court. *See Pelican Production Corp. v. Mariano*, 893 F.2d 1143,1145-1146 (10th Cir. 1990).

## ANALYSIS

2

First, the family asserts that State Farm Mutual Automobile Insurance Company (State Farm), its agents and attorneys collaborated to conceal the family's interest in this case from the Court, in order to obtain default judgments and later use them against the family. Second, the family alleges that it is an indispensable party to this action under Federal Rule of Civil Procedure 19. Third, the family requests that the Court grant a show cause hearing as a consequence of Plaintiff's failure to tell the Court of the family's interest and that it was an indispensable party.

It is true that the Plaintiff failed to notify the Court about the family's interest in the action; however it did not have to. In a recent Southern District of Texas case, the court held that a victim's family was not a necessary party to a suit when considering the duty of an insurance company to defend its insured. *Aetna Cas. and Sur. Co., v. Metropolitan Baptist Church*, 967 F. Supp 217, 224 (S.D.Tex.1996). The plaintiff joined the family as a defendant with Metropolitan in a declaratory judgment case, but the family did not file a response, because it was never served with process. *Id.* at 223. Yet, the court held that the family did not have a role in that suit, only its role in the underlying tort suit in state court against the defendant employer. *Id.*

While the family in this case cited a Tenth Circuit case to support its role as an indispensable party, that case does not apply. *See Franklin Life Ins. Co v. Johnson,* 157 F.2d 653, 653 (10th Cir. 1946). In *Johnson,* mother and wife of the deceased were the beneficiaries of an insurance policy that excluded coverage for death resulting either directly or indirectly from self-destruction, whether sane or insane. *Id.* at 655. The deceased shot himself while suffering insanity. *Id.* While the Circuit Court of Appeals held that the trial court should not have dismissed the action for declaration of liability under an insurance policy, it also defined terms for future cases. *Id.* at 658-59. The court stated that the wife, a contingent beneficiary, was not a

3

*necessary* and *indispensable* party. *Id.* at 658. Rather, she was an *interested* and *proper* party. *Id.*

Likewise, according to other reliable authority, injured claimants are not required as parties in every action. *See Connolly v. Great Basin Ins. Co.*, 6 Ariz.App 280, 280, 431 P.2d 921, 912 (1967). In *Connolly*, a family sought a declaratory judgment action to determine coverage under an automobile insurance policy. *Id.* The son was in a car accident when driving with two other passengers. I*d.* at 283, 924. Those two passengers were not joined in the action and did not have claims arising out of the accident. *Id.* The court eliminated unripe litigation issues by holding the presence of these tort claimants unnecessary. *Id.* at 286, 927. The court also stated, "we reject what we consider to be overly rigid holdings, supra, which implicably require the presence of the injured claimant as a party." *Id.* at 286, 927.

Thus, although the Spragg family is a proper party to this case, they are not a necessary party. *See Aetna, supra; Franklin, supra; and Connolly, supra.* Accordingly, Plaintiff did not have to notify the Court of the Spragg family's interest in this case before the Court entered default against Defendants. The family in the instant case does have a pending lawsuit against Plaintiff in the Second District Court of New Mexico (Case No. CV 99-03361). This is the proper means by which the family may pursue their claims against Plaintiff.

Finally, the Court notes that although the family may be concerned about res judicata issues, it is not affected by them. In, *State Farm Mut. Auto. Ins. Co., v. Mid-continent Cas. Co.*, the Tenth Circuit held that the insurer of a car rental company had the responsibility to defend a tort lawsuit and pay any judgment for a car renter who had his own different insurance but was involved in an accident with a rental car. *See State Farm Mut. Auto. Ins. Co., v. Mid-continent*

4

*Cas. Co.*, 518 F.2d 292, 292 (10th Cir. 1975). The court stated that a prior declaratory judgment against the rental company was not res judicata as to the non-party, the car renter. *Id.* at 295. Accordingly, the court explained how the non-party could re-litigate the matter to protect his interest despite the declaratory judgment. *Id.* Similarly, another Tenth Circuit case found that non-party claimants were not affected by res judicata. *See Harris v. Quinonoes,* 507 F.2d 533, 537 (10th Cir. 1974). In *Harris*, the court held that the respective drivers in an accident involving a car and a motorcycle were not bound by a prior state declaratory judgment. *See id.* The drivers were not parties to the insurer's declaratory judgment action, which therefore was not entitled to res judicata effect. *Id.* at 533.

According to the above authorities, the default judgments ordered against Henderson and James do not affect the Spragg family. The family has the ability to re-litigate this matter. In fact, the family has filed a lawsuit directly against State Farm. Therefore, it is unnecessary for this Court to set aside the default judgments, the family's pending state court litigation will sufficiently protect its interest.

## CONCLUSION

**IT IS THEREFORE ORDERED** that Non-Party Spragg's Motion to Set Aside Default Judgments **[Doc. No. 17]** is **DENIED** and Request for Show Cause Hearing **[Doc. No. 17]** is **DENIED**.

_____
**MARTHA VÁZQUEZ
UNITED STATES DISTRICT JUDGE**